IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-09-0428 |
| v. | § | (Criminal No. H-06-207-02) |
| | § | |
| ELMER ANTONIO MADRIGALES-REYES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Elmer Antonio Madrigales-Reyes, has filed a
Motion to Vacate, Correct or Amend the Movant's Sentence Pursuant
to 28 U.S.C. § 2255 (Docket Entry No. 104).  Pending before the
court is the United States' Response and Motion to Dismiss Movant's
Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct
Sentence (Docket Entry No. 112).  In opposition to the government's
motion to dismiss, Madrigales-Reyes filed Petitioner's Traverse to
Respondent's Motion to Dismiss (Docket Entry No. 114).  For the
reasons stated below, the government's motion to dismiss will be
granted.

**I.  Background**

On June 12, 2006, the United States Attorney for the Southern
District of Texas charged Madrigales-Reyes by Criminal Information
with one count of conspiracy to conceal or harbor aliens and to
transport aliens within the United States for the purposes of

commercial advantage in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).[1]  Madrigales-Reyes waived his right to indictment by a grand jury on June 20, 2006.[2]  On July 27, 2006, Madrigales-Reyes pleaded guilty to the crime charged in the Information.[3]

The United States Probation Office ("USPO") prepared a presentence investigation report ("PSR").  The PSR stated that United States Sentencing Guideline ("U.S.S.G.") § 2L1.1(a)(1) provided for a base offense level of twelve (12) for the crime committed by Madrigales-Reyes.  The PSR stated that several specific adjustments to the offense level were applicable based on the specific facts and circumstances surrounding Madrigales-Reyes' offense.  After all adjustments were accounted for, the PSR recommended a total offense level of twenty-six (26) and a criminal history category of one (1), resulting in a guideline range of sixty-three (63) to seventy-eight (78) months in prison.

The PSR also noted that factors existed that might warrant a departure from the specified guideline range.  Specifically, the PSR stated that a departure pursuant to U.S.S.G. § 5K2.8 might be appropriate for extreme conduct because the defendant had forced at gunpoint multiple aliens to strip naked and move into a closet

---

[1]Criminal Information, Docket Entry No. 20.

[2]Waiver of Indictment, Docket Entry No. 36.

[3]Transcript of Rearraignment, Docket Entry No. 93.

-2-

together, where he forced them to remain for several hours.  The PSR, however, did not recommend that the court adopt the upward departure.

Madrigales-Reyes filed a number of objections to the PSR, including objections to each of the USPO's recommended increases in the offense level.[4]  On October 18, 2006, at Madrigales-Reyes' sentencing hearing, the court ruled on Madrigales-Reyes' objections to the PSR.[5]  The court sustained Madrigales-Reyes' objection to one proposed two-level increase in the offense level.[6]  The court denied all of Madrigales-Reyes' other objections, resulting in a total offense level of twenty-four (24).[7]  The court further concluded that a two-level upward departure pursuant to U.S.S.G. § 5K2.8 based on Madrigales-Reyes' extreme conduct -- forcing a number of the aliens to strip naked and be confined together in a closet for long periods of time -- was appropriate and departed upward by two levels.[8]  This resulted in a total offense level of twenty-six (26).

With a total offense level of twenty-six (26) and a criminal history category of one (1), the federal Sentencing Guidelines

---

[4]Defendant's Objections to Pre-sentence Investigation Report, Docket Entry No. 55.

[5]Transcript of Sentencing, Docket Entry No. 87, at 2-10.

[6]Id. at 2-3

[7]Id. at 3-9.

[8]Id. at 3.

provided for a sentence of sixty-three (63) to seventy-eight (78) months in prison.[9]  The court concluded that the Guidelines adequately addressed all of the statutory sentencing factors promulgated at 18 U.S.C. § 3553.[10]  Accordingly, the court rendered a sentence within the range provided for by the Guidelines, sentencing Madrigales-Reyes to seventy-eight (78) months in prison.[11]  The court further sentenced Madrigales-Reyes to three (3) years of supervised release to follow his term of imprisonment, and ordered Madrigales-Reyes to pay a $100 special assessment.[12]

On October 25, 2006, Madrigales-Reyes' attorney filed a notice of appeal on his behalf.[13]  On February 15, 2007, before the Fifth Circuit ruled in his appeal, Madrigales-Reyes filed a pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.[14]  On March 8, 2009, however, Madrigales-Reyes submitted a letter to the court asking to withdraw his § 2255 motion.[15]  Madrigales-Reyes explained in the letter that he and his attorney had parted on bad terms, so he had not known at the time he filed his § 2255 motion that his appeal was pending.

---

[9]See id. at 9-10.

[10]Id. at 9.

[11]Id. at 9-10.

[12]Id. at 10.

[13]Notice of Appeal, Docket Entry No. 73.

[14]Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Docket Entry No. 88.

[15]Letter, Docket Entry No. 90.

The court construed the letter as a motion to dismiss, which the court granted.[16]

On January 24, 2008, the Fifth Circuit affirmed the judgment of this court in a short per curiam opinion.[17] The Court of Appeals rejected Madrigales-Reyes' appellate arguments, all of which challenged this court's application of the federal Sentencing Guidelines. On February 12, 2009, Madrigales-Reyes, proceeding pro se, filed the instant motion to vacate, correct, or amend his sentence under § 2255.[18] The government filed the pending response and motion to dismiss on June 26, 2009.[19]

## II.   Madrigales-Reyes' Claims

Liberally construing Madrigales-Reyes' § 2255 motion, the court understands it to assert the following grounds for relief:

> 1.   Madrigales-Reyes' sentence was imposed in violation of the Fifth and Sixth Amendments and contrary to the Supreme Court's holdings in Apprendi v.

---

[16]Order, Docket Entry No. 91.

[17]United States v. Madrigales-Reyes, 262 F. App'x 613 (5th Cir. 2008) (slip opinion is included in the record at Docket Entry No. 100).

[18]Motion to Vacate, Correct or Amend the Movant's Sentence Pursuant to 28 U.S.C. § 2255, Docket Entry No. 104.

[19]United States' Response and Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Docket Entry No. 112.   The government simultaneously moved to expand the record to include the affidavit of Madrigales-Reyes' trial and appellate counsel, Joe A. Salinas, III. Id. at 9-10.   The court granted the government's motion to expand the record to include Mr. Salinas' affidavit on June 29, 2009.  Order, Docket Entry No. 113.  See also Affidavit of J. A. (Joe) Salinas, III (June 17, 2009), Docket Entry No. 116.

New Jersey, 120 S. Ct. 2348 (2000), and its progeny because the sentence was based on facts that were not pleaded by a grand jury, admitted to by him, nor found by a petite jury, but instead, were found solely by the trial court;

2.    the court applied the Sentencing Guidelines as though they were strictly mandatory, contrary to the Supreme Court's holdings in United States v. Booker, 125 S. Ct. 738 (2005), and Gall v. United States, 128 S. Ct. 586 (2007);

3.    the court imposed a sentence that is greater than necessary to achieve the goals of punishment and, therefore, is unreasonable in light of 18 U.S.C. § 3553(a);

4.    the court improperly increased the applicable offense level under the Sentencing Guidelines based on facts that were untrue or based on actions by co-conspirators that should not have been attributed to Madrigales-Reyes;

5.    Madrigales-Reyes received ineffective assistance of counsel when

   A.    counsel deserted him after sentencing, failed to confer with him and keep him informed with regard to his appeal proceedings before the Court of Appeals, and failed to inform him of his right to seek a writ of certiorari in the Supreme Court;

   B.    counsel indicated to him prior to sentencing that he would receive a sentence shorter than the sentence the court later imposed; and

   C.    counsel failed to inform him of his right to consular assistance under Article 36 of the Vienna Convention.

### III.   Standard of Review

A prisoner serving a sentence imposed by a federal court who claims

   the right to be released upon the ground that the sentence was imposed in violation of the Constitution or

> laws of the United States, or that the court was without
> jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by law,
> or is otherwise subject to collateral attack, may move
> the court which imposed the sentence to vacate, set aside
> or correct the sentence.

28 U.S.C. § 2255(a).  If the court concludes that the prisoner's motion is meritorious, it must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  Id. § 2255(b).

A motion under § 2255 "may not do service for an appeal," however, and a § 2255 petitioner "must clear a significantly higher hurdle than would exist on direct appeal" in order to obtain relief.  United States v. Frady, 102 S. Ct. 1584, 1593 (1982).  Any issues that were raised and rejected on direct appeal may not be asserted in the context of a § 2255 motion.  See United States v. Webster, 392 F.3d 787, 791 (5th Cir. 2004) (citing United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997); United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)).  Additionally, "[n]onconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a [§ 2255] proceeding." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

Only two types of claims may be raised in a § 2255 motion. See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).  First, a § 2255 petitioner may raise a constitutional or jurisdictional claim.  Id.  If, however, the claim could have been

raised on direct appeal, but was not, the petitioner must first show cause and prejudice.  Id.  Second, a § 2255 petitioner may assert any other type of claim that could not have been raised on direct appeal.  Id.  To obtain relief on this second type of claim the petitioner must show that allowing the asserted error to stand "would result in a complete miscarriage of justice."  Id.

## IV.  Analysis

### A.   Sentencing Claims

1.   *Apprendi* Claim

Madrigales-Reyes asserts that the court violated his constitutional rights as enunciated by the Supreme Court in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), and its progeny by increasing his sentence based on certain facts that were not pleaded by a grand jury, admitted to by him, nor found by a petite jury.  Specifically, he complains that the court found several facts stated in his PSR to be true by only a preponderance of the evidence, resulting in an elevated guideline sentence range.[20]

---

[20]Although this claim, as well as the next two claims, are perhaps subject to a procedural bar because they were not raised on direct appeal, the government does not raise the procedural bar issue.  The government contends only that the court need not consider the merits of Madrigales-Reyes' claims "to the extent they may be considered challenges to this Court's technical application of the sentencing guidelines."  United States' Response and Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Docket Entry No. 112, at 20.  Madrigales-Reyes' first three claims are more than mere challenges to the court's "technical application" of the Sentencing Guidelines.  Therefore, because the government has not
(continued...)

-8-

In <u>Apprendi</u> the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed <u>statutory maximum</u> must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 120 S. Ct. at 2362-63 (emphasis added).  The rule of <u>Apprendi</u> applies "only to cases in which a sentence exceeds the statutory maximum . . . ." <u>United States v. Keith</u>, 230 F.3d 784, 787 (5th Cir. 2000).  "[T]he 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." <u>Blakely v. Washington</u>, 124 S. Ct. 2531, 2537 (2004) (citing <u>Ring v. Arizona</u>, 122 S. Ct. 2428, 2439-40 (2002)) (emphasis omitted).

At his rearraignment on July 26, 2006, Madrigales-Reyes pleaded guilty to the crime of conspiracy to conceal or harbor aliens and to transport aliens within the United States for the purposes of commercial advantage in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).[21]  He admitted facts sufficient to establish each of the essential elements of the offense.[22]  The maximum term of imprisonment for the crime to which Madrigales-Reyes pleaded guilty is ten years, <u>see</u> 8 U.S.C. § 1324(a)(1)(b)(i), as the court

---

[20](...continued)
invoked the procedural bar with regard to these claims, the court must address them on the merits.  <u>See</u> <u>United States v. Drobny</u>, 955 F.2d 990, 995 (5th Cir. 1992) ("To invoke the procedural bar . . . the government must raise it in the district court.").

[21]<u>See</u> Transcript of Rearraignment, Docket Entry No. 93, at 13, 27-28.

[22]<u>See</u> <u>id.</u> at 27-28.

stated on the record at Madrigales-Reyes' rearraignment.[23] Madrigales-Reyes pleaded guilty after the Supreme Court ruled in United States v. Booker that the federal Sentencing Guidelines were "effectively advisory." United States v. Booker, 125 S. Ct. 738, 757 (2005). Therefore, the court had the discretion to impose a sentence of up to the ten-year maximum specified in § 1324(a)(1)(b)(i) based solely on the facts admitted by Madrigales-Reyes. See Booker, 125 S. Ct. at 757.

None of the facts found by the court to calculate the appropriate guideline range increased Madrigales-Reyes' potential sentence beyond the ten-year statutory maximum. Furthermore, the court's sentence of seventy-eight months was less than the ten-year statutory maximum. Accordingly, Madrigales-Reyes' Apprendi claim lacks merit. See Booker, 125 S. Ct. at 750 (explaining that if the federal Sentencing Guidelines are only advisory, "a trial judge [may] exercise[] his discretion to select a specific sentence within a defined range [without violating] the defendant['s] . . . right to a jury determination of the facts that the judge deems relevant"); Keith, 230 F.3d at 787 ("Apprendi should be applied only to cases in which a sentence exceeds the statutory maximum . . . .").

2.  *Booker/Gall* Claim

Madrigales-Reyes contends that the court treated the federal Sentencing Guidelines as strictly mandatory in contravention of the

---

[23]See id. at 13.

Supreme Court's holdings in <u>Booker</u> and <u>United States v. Gall</u>, 128 S. Ct. 586 (2007), and therefore violated his rights under the Fifth and Sixth Amendments. In <u>Booker</u> the Supreme Court held that the federal Sentencing Guidelines must be considered only advisory in order to avoid violating the Sixth Amendment rights of criminal defendants in many cases. <u>Booker</u>, 125 S. Ct. at 756-57. In <u>Gall</u> the Court explained that a district court "may not presume that the Guideline range is reasonable," but instead, must "make an individualized assessment based on the facts presented." <u>Gall</u>, 128 S. Ct. at 596-97. The district court should consider the guidelines to be "the starting point and the initial benchmark," but they are "not the only consideration . . . ." <u>Id.</u> at 596.

At Madrigales-Reyes' rearraignment the court described the Sentencing Guidelines as "advisory" on several occasions.[24] Moreover, the court carefully explained to Madrigales-Reyes how the sentencing process would work and that it had not yet begun.[25] Implicit within this explanation was the understanding that the court was not necessarily bound by the federal Sentencing Guidelines.[26]

Furthermore, at Madrigales-Reyes' sentencing, although the court imposed a guideline sentence, the court did so only after

---

[24]Transcript of Rearraignment, Docket Entry No. 93, at 10, 14.

[25]<u>Id.</u> at 14.

[26]<u>See</u> <u>id.</u> ("[N]o one knows what the probation officer will recommend in the presentence report or what guideline range I will find applicable or what sentence I will impose.").

stating, "I conclude that the sentencing guidelines, which include departure provisions, adequately address all of the Section 3553 factors."[27]   "The court understood that the Guidelines were advisory, but concluded that the Guidelines provided an appropriate sentencing range." United States v. Cisneros-Gutierrez, 517 F.3d 751, 766 (5th Cir. 2008).  Therefore, the record clearly forecloses Madrigales-Reyes' claim that the court failed to treat the guidelines as advisory.

3.   Unreasonable Sentence

Madrigales-Reyes complains that his sentence of seventy-eight months is unreasonable and is greater than necessary to achieve the goals of punishment. See Booker, 125 S. Ct. at 765 (holding that the appropriate standard of review for sentences is "unreasonableness"); Cisneros-Gutierrez, 517 F.3d at 764 ("We review a sentencing decision for 'reasonableness . . . .'"). In the Fifth Circuit, however, "'a sentence falling within a properly calculated guideline range . . . is presumptively reasonable.'" Cisneros-Gutierrez, 517 F.3d at 766 (quoting United States v. Medina-Arqueta, 454 F.3d 479, 481 (5th Cir. 2006)).  The sentence imposed in this case was within the range provided by the guidelines, which accounted for the particular facts and circum- stances of Madrigales-Reyes' case.  Madrigales-Reyes fails to state any argument based on precedent or the statutory sentencing factors

---

[27]Transcript of Sentencing, Docket Entry No. 87, at 9.

to overcome the presumption of reasonableness.  His conclusory assertion that his sentence is unreasonable does not persuade the court that it is so.

   4.   Improper Application of Sentencing Guidelines

   Madrigales-Reyes asserts that the court made several errors in calculating his applicable guideline range.  Specifically, he contends that several of the facts found by the court as bases for offense level increases were untrue, and that the court improperly imputed to him actions taken by his co-conspirators.

   As the government points out, these are only challenges to the court's technical application of the Sentencing Guidelines.[28]  The government therefore contends that they are not constitutional claims, that they could have been raised on direct appeal, and that they are not cognizable in a § 2255 proceeding.  The court agrees.

   To the extent Madrigales-Reyes failed to raise any of these challenges to the court's technical application of the Sentencing Guidelines on direct appeal, he cannot do so now in a § 2255 proceeding.  See Vaughn, 955 F.2d at 368 (explaining that "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue" and that "[n]on-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a [§ 2255] proceeding").  Furthermore, to

_____

   [28]United States' Response and Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Docket Entry No. 112, at 20.

-13-

the extent Madrigales-Reyes did raise any of these challenges on direct appeal, the Fifth Circuit rejected them. See United States v. Madrigales-Reyes, 262 F. App'x 613 (5th Cir. 2008) (rejecting all of Madrigales-Reyes' claims on appeal and affirming this court).  Therefore, he cannot raise them again in this context. See Webster, 392 F.3d at 791 (holding that a § 2255 petitioner was barred from raising a claim that "was raised and rejected on direct appeal").  Accordingly, these claims challenging the court's technical application of the Sentencing Guidelines are not cognizable in this § 2255 proceeding, and the court need not consider them on the merits.

**B.   Ineffective Assistance of Counsel Claims**

Madrigales-Reyes asserts that his attorney, who represented him both in the district court and on direct appeal, provided ineffective assistance.  A petitioner asserting ineffective assistance of counsel must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).  This two-part test applies to both claims of ineffective assistance of counsel at trial and claims of ineffective assistance of counsel on appeal. See Smith v. Robbins, 120 S. Ct. 746, 764 (2000) (explaining that "the proper standard for evaluating [a] claim that appellate counsel was ineffective . . . is that enunciated in [Strickland]").

-14-

The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 104 S. Ct. at 2064.  Counsel's representation must have been objectively unreasonable.  <u>Id.</u>  Reasonableness is measured against prevailing professional norms and must be viewed under the totality of the circumstances as they existed at the time.  <u>Id.</u> at 2065.  The court's review of counsel's performance is extremely deferential; the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."  <u>Id.</u>

Under the second prong the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Wilkerson v. Collins</u>, 950 F.2d 1054, 1064 (5th Cir. 1992).  If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other.  <u>Strickland</u>, 104 S. Ct. at 2069.

1.   <u>Failure to Confer and Communicate Regarding Appeal and Opportunity to Seek Writ of Certiorari</u>

Madrigales-Reyes asserts that his attorney provided ineffective assistance by effectively abandoning him after his sentencing.  Specifically, Madrigales-Reyes alleges that his attorney failed to communicate with him regarding his appeal, failed to discuss strategy and the issues that would be raised on

-15-

appeal, failed to provide Madrigales-Reyes with a copy of either his appellate brief or the Fifth Circuit's opinion in his case, and failed to notify him of his right to seek a writ of certiorari in the Supreme Court.

In response to these claims, the government relies primarily on the affidavit of Madrigales-Reyes' trial and appellate attorney, Joe A. Salinas.[29]  The government contends that Salinas' affidavit forecloses Madrigales-Reyes' ineffective assistance of counsel claims.

In his affidavit Mr. Salinas contests many of Madrigales-Reyes' factual assertions.  Salinas avers that he met with Madrigales-Reyes after his sentencing and discussed his right to appeal.  According to Salinas, Madrigales-Reyes instructed him to file an appeal.  Salinas timely filed a Notice of Appeal on October 25, 2006, and provided a copy to Madrigales-Reyes.  Salinas states that after he learned that Madrigales-Reyes had filed a pro se § 2255 motion, he spoke with Madrigales-Reyes' family and explained to them that Madrigales-Reyes' appeal was pending and that a § 2255 motion could not be filed until after the Court of Appeals had ruled on the appeal.  Salinas asserts that he prepared an appellate brief, filed it on Madrigales-Reyes' behalf, and provided a copy to Madrigales-Reyes.  He contends that he

---

[29]As indicated above, the court granted the government's motion to expand the record to include Mr. Salinas' affidavit. Salinas' affidavit is included in the record at Docket Entry No. 116.

maintained contact with both Madrigales-Reyes and his family throughout the appeal, and that he provided Madrigales-Reyes with "a copy of any and all correspondence concerning his Appeal . . . ." Salinas further asserts that after the Court of Appeals ruled on Madrigales-Reyes' appeal on February 19, 2008, he informed Madrigales-Reyes and his family of the outcome and explained to Madrigales-Reyes "what his options were at that point."

Along with his Traverse to the government's response and motion to dismiss, Madrigales-Reyes filed an affidavit of his own.[30] In his affidavit, Madrigales-Reyes swore under penalty of perjury that "Counsel at no time discuss [sic] my appeal or any issue he would raise on appeal with me." Madrigales-Reyes further averred that the information contained in Salinas' affidavit was false.

These affidavits create several fact issues that the court could only resolve in an evidentiary hearing. The court, however, need not resolve the fact issues to dismiss Madrigales-Reyes' petition. As the court will explain, even assuming arguendo that all of Madrigales-Reyes' factual assertions are true -- i.e., that Salinas never conferred with him about his appeal, never provided Madrigales-Reyes with a copy of either his appellate brief or the Fifth Circuit's opinion in his case, and failed to notify him of his right to seek a writ of certiorari in the Supreme Court -- Madrigales-Reyes cannot show that he is entitled to relief.

---

[30]Affidavit of Elmer Antonio Madrigales-Reyes (July 8, 2009), Docket Entry No. 115.

First, Madrigales-Reyes' claim that Salinas' failure to notify him of the outcome of his appeal and of his right to seek review in the Supreme Court cannot constitute ineffective assistance of counsel as a matter of law because "[t]he constitutionally secured right to counsel ends when the decision by the appellate court is entered." Moore v. Cockrell, 313 F.3d 880, 882 (5th Cir. 2002) (holding that a habeas petitioner had failed to show that he was entitled to relief on his claim that his attorney provided ineffective assistance by failing to notify him of the outcome of his direct appeal in state court, thereby causing him to miss the deadline to file a petition for discretionary review in the state supreme court). "[A] criminal defendant does not have a constitutional right to counsel to pursue . . . applications for review in [the Supreme Court]." Wainright v. Torna, 102 S. Ct. 1300, 1301 (1982) (citing Ross v. Moffitt, 94 S. Ct. 2437, 2447 (1974)). "And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." Wyatt v. United States, ___ F.3d ___, 2009 WL 2224949, at *3 (7th Cir. July 28, 2009) (citing Coleman v. Thompson, 111 S. Ct. 2546, 2566 (1991); Torna, 102 S. Ct. at 1301; Wilson v. United States, 413 F.3d 685, 687 (7th Cir. 2005)).

Second, with regard to Salinas' representation before the appeal was final, even assuming arguendo that it was deficient, Madrigales-Reyes has failed to show how he was prejudiced. See Strickland, 104 S. Ct. at 2064 (holding that the defendant must

show both deficient performance and prejudice to establish a right to relief).  Madrigales-Reyes contends that he was prejudiced per se by Salinas' failure to confer with him about the appeal and to keep him informed, but precedent does not support this argument. Madrigales-Reyes relies on United States v. Guerra, 94 F.3d 989 (5th Cir. 1996), but it held only that a defendant is prejudiced per se under Strickland if he directs his attorney to file an appeal, and the attorney completely fails to do so.  See Guerra, 94 F.3d at 994 ("That [counsel] did not file an appeal at all, despite Guerra's professed desire to do so, constitutes ineffective assistance of counsel.  Prejudice in the Strickland v. Washington sense of the word need not be shown here." (citations and footnote omitted)).  Other Fifth Circuit cases have stated essentially the same rule.  See, e.g., United States v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993) ("If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish . . . that he had some chance of success on appeal."); Childress v. Lynaugh, 842 F.2d 768, 772 (5th Cir. 1988) ("Prejudice resulting from the denial of a defendant's right to appeal is presumed because a criminal conviction can be attacked on numerous procedural and substantive grounds and thus, given the likelihood of prejudice, a case-by-case inquiry is not worth the cost.").

In Roe v. Flores-Ortega the Supreme Court similarly held that when counsel unreasonably fails to confer with a defendant about an

-19-

appeal, and as a result <u>does not file an appeal at all</u>, the defendant is presumed to be prejudiced under <u>Strickland</u> and entitled to relief.  See <u>Roe v. Flores-Ortega</u>, 120 S. Ct. 1029, 1037-1039 (2000).  In reaching this conclusion the Court explained that under its precedents such a presumption of prejudice only applies if (1) the defendant was "denied the assistance of counsel altogether" during a judicial proceeding, or (2) if the defendant, because of counsel's unreasonable error, is denied "the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right . . . ." <u>Id.</u> at 1038.

In this case, Madrigales-Reyes was not denied his right to appeal or the assistance of counsel during his direct appeal. Salinas timely prepared and filed an appeal.  Because Madrigales-Reyes was not prejudiced <u>per se</u>, he must make the usual showing of actual prejudice, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 104 S. Ct. at 2068; see <u>Flores-Ortega</u>, 120 S. Ct. at 1037.  This Madrigales-Reyes has failed to do.

Madrigales-Reyes does not assert that had Salinas met with him, he would have suggested that Salinas make any additional arguments in his appellate brief.  Moreover, even if Madrigales-Reyes' petition could be construed to assert that Salinas should have raised the claims raised now in this § 2255 petition, Madrigales-Reyes still has not shown prejudice because the court is not persuaded that any of Madrigales-Reyes' claims are meritorious.

Nor had Madrigales-Reyes shown that he was prejudiced based on
the fact that he prematurely submitted a <u>pro se</u> § 2255 motion,
which he later withdrew when he learned that his appeal was still
pending.  The Fifth Circuit did not rule adversely to Madrigales-
Reyes in his direct appeal because he filed the premature § 2255
motion.  Likewise, Madrigales-Reyes' prior § 2255 motion has not
prevented him from asserting any claims or otherwise harmed him in
this proceeding.  Madrigales-Reyes has failed to show that he is
entitled to relief on this ground.

   2.   <u>Indicating that Sentence Would be Lower</u>

In the section of his motion stating his claim for ineffective
assistance of counsel, Madrigales-Reyes asserts that the sentence
imposed by the court was "lengthier than i[n]dicated by defense
counsel or expected by the Movant . . . ."[31]  The court liberally
construes this as a claim that Madrigales-Reyes' counsel provided
ineffective assistance by suggesting to Madrigales-Reyes that he
would receive a more lenient sentence than the sentence that the
court actually imposed.[32]

In response to this claim, the government again relies on
Salinas' affidavit.  In his affidavit, Salinas states that

_____

[31]Motion to Vacate, Correct or Amend the Movant's Sentence
Pursuant to 28 U.S.C. § 2255, Docket Entry No. 104, at 17.

[32]To the extent this statement could also be interpreted as
a claim that Madrigales-Reyes' guilty plea was not voluntary, it
is not meritorious.  <u>See</u> <u>Strumph</u>, 821 F.2d at 1030 ("[A]
defendant's reliance on his attorney's erroneous prediction of
leniency is not sufficient to render a guilty plea involuntary.")

> [t]he Sentencing Guidelines were discussed with
> Mr. Madrigales-Reyes and that his sentence could not yet
> be determined. [sic] Further, Mr. Madrigales-Reyes was
> informed that a Pre-Sentence Investigation Report was to
> be prepared and that report would be used by . . . Judge
> Lake at sentencing. Additionally, Mr. Madrigales-Reyes
> was informed that he would have an opportunity to review
> the Pre-Sentence Investigation Report and make any
> corrections or objections prior to sentencing. Finally,
> Mr. Madrigales-Reyes was informed that Judge Lake may
> impose a sentence that is more sever or less sever than
> his expectation and that he would not be able to withdraw
> his plea of guilty.[33]

The government contends that these statements show that "defense counsel did not fail to advise Mr. Madrigales-Reyes of the [applicable sentencing procedures]."[34]   The court, however, is unable to draw the same conclusion from the affidavit.

Because the affidavit is written in passive voice, the court cannot discern whether Salinas is asserting that he personally explained these facts to Madrigales-Reyes or whether Salinas is stating that the court gave Madrigales-Reyes these warnings at the rearraignment.   Therefore, the court will assume for the sake of argument that Salinas either failed to adequately communicate to Madrigales-Reyes the severity of the sentence that he could receive if he pleaded guilty or affirmatively suggested to Madrigales-Reyes that his sentence would likely be less than the seventy-eight months that the court actually imposed.

---

[33]Affidavit of J. A. (Joe) Salinas, III (June 17, 2009), Docket Entry No. 116.

[34]United States' Response and Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Docket Entry No. 112, at 24.

Even making these assumptions, Madrigales-Reyes has failed to show that he is entitled to relief. When a defendant asserts ineffective assistance of counsel in the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S. Ct. 366, 370 (1985). Madrigales-Reyes, however, has not even alleged in his § 2255 petition or in his reply to the government's motion to dismiss that he would have pleaded not guilty and insisted on going to trial had Salinas properly instructed him as to what sentence he might receive.[35] See id. (holding that petitioner had failed to show prejudice because he had failed to allege that he would not have pleaded guilty had his attorney correctly informed him of his parole eligibility date).

Moreover, even if Madrigales-Reyes' petition could be construed to allege that he would not have pleaded guilty, such an allegation is not credible. See Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) (stating that the defendant's "bare allegation" that he would not have pleaded guilty had his counsel correctly informed him of the sentence he faced was not persuasive because the record strongly suggested otherwise). At his rearraignment, the court informed Madrigales-Reyes that he faced a maximum

---

[35]Nor has Madrigales-Reyes alleged that he was prejudiced in any other way.

-23-

sentence of ten years in prison.[36]   The court further explained to Madrigales-Reyes that the process of determining his sentence had not yet begun and that "no one knows what the probation officer will recommend in the presentence report or what guideline range I will find applicable or what sentence I will impose."[37]   The court warned Madrigales-Reyes that "if the sentence that I should impose is greater than what you now anticipate or what your attorney or anyone else may have predicted, you will be bound by your guilty plea today regardless of what the sentence turns out to be."[38]   The court further explained to Madrigales-Reyes that he did not have to plead guilty, and had the right to go to trial.[39]   The court asked Madrigales-Reyes whether he understood these things, and Madrigales-Reyes stated that he did.[40]   The court also asked Madrigales-Reyes whether anyone had promised him that he would receive a particular sentence if he pleaded guilty.[41]   His reply was "no."[42]  Despite these warnings, Madrigales-Reyes proceeded to plead guilty, and did not insist upon going to trial.[43]

---

[36]Transcript of Rearraignment, Docket Entry No. 93, at 13.

[37]Id. at 14.

[38]Id. at 14-15.

[39]Id. at 15.

[40]Id. at 14-15.

[41]Id. at 17.

[42]Id.

[43]Id. at 28.

Madrigales-Reyes' statements made under oath in open court "carry a strong presumption of verity." Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977). Any subsequent conclusory allegations to the contrary that are "unsupported by specifics [are] subject to summary dismissal . . . ." Id. See also United States v. Strumpf, 827 F.2d 1027, 1030 (5th Cir. 1987). Accordingly, the court is not persuaded that there is a reasonable probability that Madrigales-Reyes, but for his attorney's alleged misrepresentations regarding his likely sentence, would have pleaded not guilty and proceeded to trial. Madrigales-Reyes has failed to show that he is entitled to relief on this claim.

### 3.   Failure to Notify of Right to Consular Assistance

Madrigales-Reyes asserts that Salinas failed to notify him of his right to consular assistance under Article 36 of the Vienna Convention.

> The Vienna Convention is a 79-article multilateral treaty negotiated in 1963 and ratified by the United States in 1969 . . . . The Vienna Convention, Article 36, paragraph (1)(c), guarantees that a consular officer of a signatory state shall have the right to visit one of its citizens who has been detained in another signatory state in order 'to converse and correspond with him and to arrange for his legal representation.' Article 36, paragraph (1)(b), also provides that the detaining state 'shall inform the person concerned without delay of his rights,' including the assistance of his consul in responding to the fact of his detention.

Cardenas v. Dretke, 405 F.3d 244, 251 (5th Cir. 2005) (quoting Vienna Convention on Consular Relations, April 24, 1963, art. 36, 21 U.S.T. 77, 596 U.N.T.S. 261) (citations omitted).

Salinas, in his affidavit, asserts that Madrigales-Reyes was informed of his "right to notify the Mexican Consulate" by Magistrate Judge Stephen Smith at his preliminary examination and detention hearing on May 17, 2006.[44]   Salinas, however, does not assert that he personally instructed Madrigales-Reyes of his right to consular assistance or otherwise discussed the issue with him.

Madrigales-Reyes, in his affidavit, states that he is not a Mexican national, but that he is instead a citizen of Honduras.[45] He states that "at no time during these proceedings was I instructed by counsel that I could contact the Mexican or Hondurian [sic] consulate."[46]   He further avers that "if Counsel had instructed me to contact the Mexican Consulate, I would have affirmatively instructed Counsel that I was not a Mexican national."[47]

Based on these affidavits, it is undisputed that Salinas himself did not inform Madrigales-Reyes of his right of consular access.  It is also undisputed that Magistrate Judge Smith informed Madrigales-Reyes of his right to consular assistance, although he

---

[44]Affidavit of J. A. (Joe) Salinas, III (June 17, 2009), Docket Entry No. 116.  The transcript of Madrigales-Reyes' May 17, 2006, preliminary examination and detention hearing before Magistrate Judge Smith is not a part of the record.

[45]Affidavit of Elmer Antonio Madrigales-Reyes (July 8, 2009), Docket Entry No. 115, ¶¶ 1-2.  The court assumes <u>arguendo</u> that Honduras is a signatory to the Vienna Convention.

[46]<u>Id.</u> ¶ 4.

[47]<u>Id.</u> ¶ 5.

may have incorrectly stated that Madrigales-Reyes had a right to contact the Mexican Consulate instead of the Honduran Consulate.

Assuming without deciding that Salinas' failure to personally inform Madrigales-Reyes of his right to consular assistance constitutes deficient representation, the court concludes that Madrigales-Reyes has failed to show that he was prejudiced. Magistrate Judge Smith's instruction, although perhaps erroneously assuming that Madrigales-Reyes was a Mexican national, was sufficient to inform Madrigales-Reyes that he could seek assistance from the consulate of his country of origin. More importantly, however, Madrigales-Reyes fails to assert that he would have actually taken advantage of this right had Salinas informed him of it or further explained it to him. Nor does Madrigales-Reyes explain how the outcome of his case would have been any different. He does not suggest, much less prove, that the Honduran Consulate would have encouraged him to take a different course of action or would have provided any different or better counsel that Salinas provided. Madrigales-Reyes has therefore failed to satisfy the second prong of the Strickland test, and is not entitled to relief on this ground.

## C.   Request for an Evidentiary Hearing

Madrigales-Reyes requests an evidentiary hearing. A § 2255 petitioner is entitled to an evidentiary hearing unless "the motion, files, and records of the case conclusively show that the

prisoner is entitled to no relief." <u>United States v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir. 1992) (citing <u>United States v. Auten</u>, 632 F.2d 478 (5th Cir. 1980)).  For the reasons explained above, the court concludes that the motion, files, and records in this case conclusively show that Madrigales-Reyes is not entitled to relief. Accordingly, an evidentiary hearing is not necessary, and the court will deny Madrigales-Reyes' request for a hearing.

### V.   <u>Certificate of Appealability</u>

A party may not appeal a final order in a § 2255 proceeding unless a judge or a circuit justice first issues a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1).   Although Madrigales-Reyes has not yet requested a COA, the court may deny a COA <u>sua sponte</u>.  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA for claims denied on the merits Madrigales-Reyes must make a substantial showing of the denial of a constitutional right.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004).  To make such a showing Madrigales-Reyes must demonstrate that the issues are debatable among reasonable jurists, that another court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. <u>See</u> <u>Tennard</u>, 124 S. Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, Madrigales-Reyes has not made a substantial showing of the denial of a constitutional right.

Therefore, a certificate of appealability will be denied in the final judgment.

## VI.  <u>Order</u>

For the reasons explained above, the United States' Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry No. 112) is **GRANTED**. Madrigales-Reyes' motion for an evidentiary hearing is **DENIED**. Madrigales-Reyes' Motion to Vacate, Correct or Amend the Movant's Sentence Pursuant to 28 U.S.C. § 2255 (Docket Entry No. 104) is **DISMISSED with prejudice**.

**SIGNED** at Houston, Texas, on this 17th day of August, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE